UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRIAN CONRAD,<br><br>        Plaintiff,<br><br>    v.<br><br>GEICO INDEMNITY COMPANY,<br><br>        Defendant. | CASE NO. C14-1922 MJP<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND FOR ATTORNEY'S FEES |

THIS MATTER comes before the Court on Plaintiff's Motion to Remand Case to State Court and for Attorney Fees and Costs. (Dkt. No. 6.) Having considered the Parties' briefing and all related papers, the Court GRANTS the motion and REMANDS the case to King County Superior Court.

**Background**

Plaintiff Brian Conrad filed suit against Geico Insurance Company on November 5, 2014, in King County Superior Court, seeking damages for breach of contract and bad faith, as well as fees and costs, stemming from a Geico underinsured motorist insurance policy. (Dkt. No. 1.) On December 18, 2014, Defendant removed to this Court on diversity grounds. (Id.) Plaintiff

now seeks remand to state court, contending that the amount in controversy does not exceed the $75,000 jurisdictional threshold and thus this Court lacks jurisdiction to hear the case. (Dkt. No. 6.) Defendant does not oppose remand "if plaintiff provides a declaration to the Court stating that his damages do not exceed $75,000.00, as he has stated in his motion. In the event plaintiff refuses to provide this declaration, Geico opposes plaintiff's Motion." (Dkt. No. 8 at 1.) Plaintiff has not provided any such declaration.

## Discussion

I. Legal Standard

"A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction. 28 U.S.C. § 1441. However, [i]t is to be presumed that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction. The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (internal quotation marks and citations omitted).

"When removal is based on diversity of citizenship, an amount-in-controversy requirement must be met." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 551 (2014). Where a state court complaint does not specify the amount in controversy, a "removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds[the jurisdictional amount]. Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th

Cir. 2007) (quoting <u>Sanchez v. Monumental Life Ins. Co.</u>, 102 F.3d 398, 404 (9th Cir. 1996).) "Conclusory allegations as to the amount in controversy are insufficient." <u>Matheson v. Progressive Specialty Ins. Co.</u>, 319 F.3d 1089, 1090-91 (9th Cir. 2003).  "The amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract." <u>Kroske v. U.S. Bank Corp.</u>, 432 F.3d 976, 980 (9th Cir. 2005).

II.     Amount in Controversy

Plaintiff contends that Defendant has not carried its burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, and that because any doubt must resolved in favor of remand, remand is proper here. (Dkt. No. 6 at 5-7.)  The Court agrees.

Evidence of the amount in controversy provided by Defendant consists only of Plaintiff's state court complaint and a demand letter sent by Plaintiff to Geico in May, 2014.  (Dkt. Nos. 1-1 at 1-6, 9 at 5-6.)  Both the complaint and the letter reference the $50,000 underinsured motorist policy limit, and Plaintiff's belief that he is entitled to that full amount under his contract with Geico.  The complaint also includes a bad faith cause of action alleging Defendant unreasonably denied payment of the policy benefits and did not attempt in good faith to effectuate a prompt and fair settlement of Plaintiff's claims.  The complaint does not contain Insurance Fair Conduct Act, RCW 48.30.015, or Consumer Protection Act, RCW 19.86, claims, which allow for treble damages and attorney's fees.  Absent enhanced attorney's fees under these statutes, statutory attorney's fees in Washington are fixed at two hundred dollars.  RCW 4.84.080.  Recoverable costs include filing fees, service of process, records fees, and witness fees, and are also de minimus.  <u>See</u> RCW 4.84.010(1)-(6).

Defendant argues that the jurisdictional threshold is met because the complaint alleges Plaintiff is entitled to $50,000 in contract benefits in addition to damages sought under the bad faith cause of action, and because a demand letter sent by Plaintiff states that his medical bills and wage loss damages exceed the $50,000 policy limit. (Dkt. No. 8 at 3-4.) Defendant provides no evidence relating to the bad faith claim's potential damages, but argues that "because damages for bad faith can include compensation for emotional distress, it is reasonable to conclude that the amount of damages sought in this lawsuit would exceed $75,000." (Id. at 4.) A removing defendant must prove that it is more likely than not that the jurisdictional threshold is met, however, not demonstrate that it reasonably believed it so. Absent evidence, this conclusory allegation is insufficient, Matheson, 319 F.3d at 1090-91, and the Court must resolve all ambiguity in favor of remand. Hunter, 582 F.3d at 1042.

The Court notes, however, that Defendant's opposition to remand appears to be based on an incorrect understanding of the standard for removal. "Geico's concern is simple," Defendant explains. (Dkt. No. 8 at 3.) "It does not want to be put in a compromised position such that upon remand, plaintiff decides to amend his Complaint, assert causes of action in which treble damages and attorney's fees can be awarded, and seek damages in excess of $75,000. . . . Geico will have lost jurisdiction of this Court that it otherwise rightfully secured based on plaintiff's assurances that the value of his claim is below $75,000." (Id.)

But under the procedure for removal set out in 28 U.S.C. § 1446, a defendant may remove a case during the first thirty days after the defendant receives the initial pleading or during the first thirty days after the defendant receives a paper "from which it may first be ascertained that the case is one which is or has become removable" if "the case stated by the initial pleading is not removable." 28 U.S.C. § 1446(b). The first thirty-day period for removal

starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face the facts necessary for federal court jurisdiction. Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 690-91 (9th Cir. 2005). "[T]he first thirty-day requirement is triggered by defendant's receipt of an 'initial pleading' that reveals a basis for removal. If no ground for removal is evident in that pleading, the case is 'not removable' at that stage. In such case, the notice of removal may be filed within thirty days after the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." Id. at 694. Defendants do not have a specific duty to further investigate whether or not a case is removable. Id.

As applied to this case and the potential events Defendant is concerned about, the rule allows Defendant to remove within thirty days of receiving an amended complaint that states Insurance Fair Conduct Act claims, for example, because at that point, it can be ascertained from the pleading that removal is proper. In other words, the proper time for Geico to seek removal in this context is when it receives a "paper" establishing that the case has become removable; removal based on an initial pleading which does not reveal a basis for removal, just in case Plaintiff decides to amend his complaint, is not proper. Geico's argument that "Plaintiff's statement that he "is not claiming damages in excess of $75,000" is insufficient to guarantee that he will not simply add additional causes of action with potential damages in excess of $75,000 upon remand," is misguided. (Dkt. No. 8 at 3.)

Resolving all ambiguity in favor of remand, the Court finds that Defendant has failed to meet its burden of establishing by a preponderance of the evidence that the amount in controversy here meets the jurisdictional threshold. Plaintiff's motion to remand is GRANTED.

III.   Attorney's Fees

Plaintiff contends that Defendant lacked an objectively reasonable basis for removal and provided no evidence to support its removal, and thus he is entitled to attorney's fees and costs incurred as a result of the removal. (Dkt. No. 6 at 7.) Defendant argues that it reasonably believed the amount in controversy would meet the $75,000 threshold, and that Plaintiff's request should be denied. (Dkt. No. 8 at 5.)

"Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

Defendant argues that "[a]t the time the removal papers were filed, Geico had no knowledge that plaintiff believed his damages would not exceed $75,000." (Dkt. No. 8 at 5.) But Defendant appears to have had no knowledge that Plaintiff's damages would exceed $75,000, either, and appears to have made no effort to determine the amount in controversy before removing. (Dkt. No. 10-1 at 1-2.) Rather, it appears Defendant protectively removed the case to guard against the addition of causes of action which allow for treble damages and attorney's fees. (Dkt. No. 8 at 3.) But, as discussed above, the proper time to remove the case is when those additional causes of action are added. On this record, Defendant lacked an objectively reasonable basis for seeking removal, and Plaintiff is entitled to his attorney's fees and costs.

## Conclusion

Defendant has failed to satisfy its burden of demonstrating that removal is proper because it has not shown that it is more likely than not that the amount in controversy exceeds $75,000.

1 | Plaintiff's motion to remand is GRANTED and the case is REMANDED to King County
2 | Superior Court.
3 |     Plaintiff is awarded his attorney's fees and costs associated with this motion.  Plaintiff
4 | must file supporting documentation for the attorney's fees within ten (10) days of the date of this
5 | order.  Defendant will then have seven (7) days to make any objections.
6 |
7 |     The clerk is ordered to provide copies of this order to all counsel.
8 |     Dated this 23rd day of February, 2015.

*[signature]*

Marsha J. Pechman
Chief United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION TO
REMAND AND FOR ATTORNEY'S FEES- 7